Appeal by employer and insurance carrier from an award of the Workmen’s Compensation Board in favor of claimant for a 65% schedule loss of his right eye. Claimant sustained an injury to his right eye on September 19, 1940, for which first aid was administered by the employer, but claimant lost no time from work. On December 6, 1946, claimant filed a claim and it was found that he was then suffering from a 65% loss of use of the right eye. There is no medical testimony of causal connection of this condition with the accident of September 19, 1940. The board has found that the employer made an advance payment of compensation removing the time limitation of section 28 of the Workmen’s Compensation Law, and has found that there was causal connection between the accident and the condition found more than six years later. The record discloses no substantial evidence to support these findings. For these reasons the award should be reversed, without costs, and the matter remitted to the Workmen’s Compensation Board for further consideration. Award reversed on the law, without costs, and the case remitted to the Workmen’s Compensation Board for further consideration. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., dissents, and votes to affirm the award in the following memorandum: I dissent and vote to affirm the award. This claimant sustained an accident to his right eye on September 19, 1940. It is true that no claim for compensation was filed until December 10, 1946. It seems clear that the employer made an advance payment of compensation and that consequently the claimant is not barred. There is proof in the record that when claimant sustained his injury he went to a plant hospital where a foreign object was removed from his eye by the nurse. Later he was sent by the employer to Dr. Lang for treatment. He testified that he was treated by that doctor for more than a year. Dr. Gerard’s *805 report and Dr. Calliardi’s both indicate that claimant had been treated by Dr. Lang. The employer introduced no evidence to offset the testimony that claimant had been treated by the employer’s doctor for a considerable period of time. In a reply brief appellants are attempting to inject into the record an alleged report of Dr, Lang’s and also an affidavit by that doctor. These papers were not before the referee or the Workmen’s Compensation Board and consequently are not properly a part of this record.